UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | | |
|---|---|---|---|
| CHARLES JAMES BENTLEY | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 3:04-cr-118 |
| | ) | | 3:07-cv-139 |
| UNITED STATES OF AMERICA | ) | | (VARLAN/GUYTON) |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Charles James Bentley ("Bentley"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This Court must vacate and set aside Bentley's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Bentley "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the

case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Bentley is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II.   Factual Background

Bentley was found guilty by a jury of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), and was sentenced as an armed career criminal, pursuant to 18 U.S.C. § 924(e), to the minimum mandatory term of imprisonment of 180 months. The predicate offenses for sentencing Bentley as an armed career criminal were (1) a 1981 conviction for robbery in the Circuit Court for Cook County, Illinois; (2) a 1987 conviction for armed robbery in the Circuit Court for Cook County, Illinois; 3) a 1994 conviction for burglary of a building in the Circuit Court for Attala County, Mississippi; and (4) a 1994 conviction for burglary of a building in the Circuit Court for Attala County, Mississippi. The judgment of conviction was affirmed on direct appeal by unpublished Order dated May 23, 2006. *United States v. Bentley*, No. 05-6119 (6th Cir.), *cert. denied*, 549 U.S. 940 (2006).

In support of his § 2255 motion to vacate sentence, Bentley alleges the following: (1) his Mississippi convictions for burglary of a building should not have counted as predicate offenses because they were not violent felonies under Mississippi law; (2) the convictions for burglary of a building should only have counted as a single predicate offense because they arose from a single episode; and (3) his attorney rendered ineffective assistance of counsel by failing to raise the first two issues at trial and on appeal. In an amendment to

2

his § 2255 motion, Bentley alleges his status as an armed career criminal is improper based upon a subsequent amendment to the Sentencing Guidelines.

III.   Discussion

The law provides a minimum mandatory sentence of fifteen (15) years for a person convicted of violating 18 U.S.C. § 922(g) who has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).  A violent felony is "any crime punishable by imprisonment for a term exceeding one year," that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. § 924(e)(2)(B).

Bentley alleges his convictions for burglary of a building should not count as predicate offenses because they were not violent felonies under Mississippi law.  In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court considered what Congress meant by including burglary in the definition of a violent crime for purposes of § 924(e) and concluded "Congress meant by 'burglary' the generic sense in which the term is now used in the criminal codes of most States." *Id*. at 598.  According to the Court, "the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id*.

The Supreme Court further held "that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id*. at 599. For that reason, with respect to a conviction from those States whose burglary statute comports with the generic definition of "burglary," the sentencing court must look only to the conviction itself; with respect to a conviction from those States that have adopted a broader definition of burglary, the sentencing court should look to the "charging paper and jury instructions" to determine if the defendant was convicted of generic burglary. *Id*. at 600-602, 602. Where a habeas petitioner has pleaded guilty to an indictment that charges the elements of a generic burglary, however, it is immaterial whether the statutory definition may be so broad as to include offenses that are not generic burglaries. *See United States v. Maness*, 23 F.3d 1006, 1009-10 (6th Cir. 1994).

With respect to the first burglary conviction, Bentley was sentenced on March 14, 1994, in Case Number 9890 in the Circuit Court for Attala County, Mississippi, to seven years pursuant to his guilty plea to an indictment charging him with the following: "[O]n or about January 22, 1994, the defendant did willfully, unlawfully, feloniously and burglariously break and enter into a building commonly referred to and known as Fair Propane, Incorporated, located at 244 Jackson Street, Kosciusdo, Mississippi." [Criminal Action No. 3:04-cr-118, Presentence Report, ¶ 27, pp. 7-8].

Likewise, Bentley was sentenced on March 14, 1994, in Case Number 9891 in the Circuit Court for Attala County, Mississippi, to seven years, to be served consecutively to the sentence in Case Number 9890, pursuant to his guilty plea to an indictment charging him with the following: "[O]n or about January 25, 1994, the defendant did willfully, unlawfully, feloniously and burglariously break and enter into a building commonly referred to and known as Attala Oil Company, located on Highway 12 East, Kosciusdo, Mississippi." [*Id.*, ¶ 28, p. 8].

Clearly, Bentley's convictions for burglary of a building fell within the definition of generic burglary. Accordingly, the convictions were properly used as predicate offenses to enhance his sentence as an armed career criminal.

Bentley also alleges that the two convictions for burglary of a building should only count as one predicate offense because they arose from a single episode. In an amendment to his § 2255 motion, Bentley alleges his status as an armed career criminal is improper based upon a subsequent amendment to the Sentencing Guidelines, specifically Amendment 709 to U.S.S.G. § 4A1.2.

As a result of Amendment 709 (effective November 1, 2007), § 4A1.2 now provides that prior sentences should always be counted separately "if the sentences were imposed for offenses that were separated by an intervening arrest ...." U.S.S.G. § 4A1.2(a)(2). If there is no intervening arrest, prior sentences should be counted as a single sentence if the sentences "resulted from offenses contained in the same charging instrument" or "were imposed on the same day." *Id*. Bentley contends there was no intervening arrest in his cases

5

and he was sentenced for both burglaries on the same date. The Sixth Circuit has held, however, that "Amendment 709 does not apply retroactively. " *United States v. Vassar*, 346 F. App'x 17, 28, 2009 WL 2959290 at *10 (6th Cir. 2009) (citations omitted). Amendment 709 thus affords Bentley no relief.

Bentley's two convictions for burglary of a building were properly counted as two predicate offenses at the time of his sentencing. The burglaries occurred on different dates, at different locations, and against different victims. Bentley received consecutive sentences for the two convictions. Accordingly, the convictions were "committed on occasions different from one another" for purposes of § 924(e). *See, e.g., United States v. Brady*, 988 F.2d 664, 669 (6th Cir. 1993) (armed robberies were properly considered to be separate predicate offenses where defendant "committed crimes against different victims at different places and at distinctly different times").

In any event, Bentley also had a prior conviction for robbery, which is considered to be a crime of violence for purposes of the armed career criminal act. U.S.S.G., § 4B1.2, comment. (n.1). Accordingly, even if Bentley's two convictions for burglary of a building counted as only one sentence, he still had the requisite three predicate offenses to be considered an armed career criminal.

Because Bentley's two convictions for burglary of a building were properly considered in determining his status as an armed career criminal, it would have been pointless for his attorney to have objected to the convictions or to have raised the issue on appeal. Thus, he cannot be said to have rendered ineffective assistance of counsel by failing to do so. *See*

*United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel); *Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (an attorney is not required to raise meritless issues on appeal).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Bentley must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690.

It is clear that in this case Bentley received excellent representation. With a total offense level of 33 and a criminal history category of VI, Bentley was facing a guideline sentence range of 235 to 293 months. [Presentence Report, ¶ 97, p. 27]. His attorney successfully argued that, based upon the nature and circumstance of the offense as well as

the fact that Bentley's criminal record had already been taken into consideration by virtue of his status as an armed career criminal, Bentley should be sentenced below the guideline range. Bentley thus was sentenced to the minimum mandatory term of imprisonment of 180 months. Bentley has failed to demonstrate ineffective assistance of counsel under the *Strickland* standard.

IV.     Conclusion

Bentley is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Bentley leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Bentley having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**


s/ Thomas A. Varlan_____
UNITED STATES DISTRICT JUDGE